CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 19 2022

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| KATELIN CLIFTON, individually, and on behalf of all others similarly situated, *et al.*, | Civil Action No. <u>4:22CV00113</u> |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| ACME Therapies, Co., | |
| Defendant. | **CLASS ACTION PURSUANT TO FED. R. CIV. PRO 23** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Katelin Clifton ("Plaintiff" or "Clifton"), individually, and on behalf of all others similarly situated, respectfully moves for judgment against Defendant ACME Therapies, Co. ("Acme" or "Defendant"). Plaintiff seeks to recover compensation, double and/or triple damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Va. Code Ann. §§ 40.1-29 (referred to herein as the Virginia Wage Payment Act, or VWPA), and 40.1-29.2 (the Virginia Overtime Wage Act, or VOWA).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional Virginia law claims are asserted as class actions under

1

Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## Introduction

1. This is a "hybrid" collective/class action to recover overtime wages, regular wages, liquidated damages, and other applicable damages brought pursuant to federal and state wage laws. The collective action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the class action under Federal Rule of Civil Procedure 23 is brought pursuant to the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-29, and Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2, to recover unpaid overtime wages, regular wages, liquidated and/or treble damages, and other applicable damages.

2. This Complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA") arising out of work that Plaintiff, and others similarly situated, performed for the benefit and at the direction of Acme.

3. This Complaint seeks additional relief pursuant to Va. Code §§ 40.1-29, 40.1-29.1, and 40.1-28.7:7 to recover unpaid regular and overtime wages as well as damages associated with misclassification. These claims are brought as putative class action claims pursuant to Federal Rule of Civil Procedure 23.

4. Plaintiff brings this action as a hybrid collective and class action on behalf of herself and others similarly situated. Plaintiff asks that if this case is not certified as a collective or class action that she be permitted to proceed individually with her claims.

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that Plaintiff may bring this action in any appropriate United States District Court. This Court also possesses

supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the acts and/or omissions giving rise to Plaintiff's state law claims arose from the same basis of operative fact and same controversies under the law. Pursuant to 28 U.S.C. § 1367(a), these claims are so related to claims involving original jurisdiction that they form part of the same case or controversy.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken place in the Danville Division of Western District of Virginia and because Defendant's principal place of business is located in the Danville Division.

7. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

8. Clifton is a resident of Ridgeway, Virginia and performed labor within the last three years for the benefit of, at the direction of, and under the supervision of, Acme. Clifton was an "employee" of Acme as defined by the FLSA and Virginia law from approximately July 9, 2018 until July 25, 2022.

9. Acme is a Virginia corporation with its principal place of business in the City of Martinsville, Virginia. Its headquarters are located at 128 Fayette Street, Martinsville, VA. According to its website, Acme is in the business of providing a full range of speech, occupational and physical therapies to children and adults. Acme meets the definition of "employer" with respect to the FLSA and all relevant Virginia statutes.

10. Acme has multiple locations in Southwest Virginia, each offering similar services to their client base(s).

11. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

12. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

13. Defendant has made more than $500,000 in sales made or business done in the calendar year.

**Factual Allegations**

14. Clifton was employed by Acme as Certified Occupational Therapy Assistant and was paid a maximum of $29/hour.

15. Over the span of the last three years, Acme has employed upwards of thirty (30) individuals as speech, occupational, or physical therapists or in substantially similar related positions ("Therapists").

16. Plaintiff and those similarly situated were employed by Acme in speech, occupational, and physical therapy positions, servicing Acme clients, and were all paid (or not paid) pursuant to the same pay practices.

17. Plaintiff and those similarly situated were all paid on an hourly basis.

18. Plaintiff was paid $28/hour when she started. That amount was later raised to $29/hour.

19. On information and belief, most Acme clients pay through insurance or Medicare/Medicaid.

20. Plaintiff, and those similarly situated, often worked over forty (40) hours a week.

21. For at least the three years preceding the filing of this Complaint, Acme has had a policy and practice of not paying overtime compensation to Therapists when they work over forty (40) hours in a week.

22. Throughout Clifton's employment, Acme had a policy of providing compensatory time in lieu of overtime compensation to Therapists who worked more than eighty (80) hours in a two-week period.

23. Compensatory time of Plaintiff, and those similarly situated, was tracked by Acme. Initially, tracking was done by hand, and then later, electronically.

24. Plaintiff and those similarly situated were not required to use compensatory time during the pay period or week in which it was earned.

25. The compensatory time of Plaintiff, and those similarly situated, did not accrue on a weekly basis. Instead, it was earned only when an employee worked more than 80 hours in a two-week period.

26. On or about May 20, 2022, at a meeting, in response to complaints about Acme's problematic pay scheme, Acme (mis)informed Plaintiff, and other similarly situated Therapists, that the law allowed Acme to 1) make use of a compensatory time scheme, 2) that compensatory time could accrue on a two-week 80-hour basis, and 3) that they were "exempt healthcare workers."

27. At or shortly after that meeting, Acme made the Therapists sign a document indicating they were choosing to forgo overtime for compensatory time.

28. Acme is not a municipal employer and has no legal right to provide or even offer compensatory time in lieu of overtime compensation. Moreover, compensatory time must be accumulated on a weekly basis when a municipal employee works more than forty (40) hours.[1] Further, Plaintiff, and all other similarly situated employees, were paid on an hourly, and not

---

[1] The exception, irrelevant here, to this general rule is found in section 207(k) of the FLSA which governs overtime and compensatory time for fire protection, law enforcement, and first responders and allows for accrual over periods far longer than a single workweek.

salary, basis and could not be exempt. Any provision by Acme of so-called compensatory time was gratuitous.

29. Irrespective of the impropriety of a non-municipal employer like Acme providing compensatory time in lieu of overtime, Acme only awarded compensatory time at a 1:1 ratio, and not 1.5:1 as is required by law for municipal employers with such plans.

30. Further, Plaintiff and those similarly situated were not permitted to use banked compensatory time at their own discretion.

31. Since at least July 2018, when Clifton was hired by Acme, Acme had a policy whereby if a client did not show up for a scheduled appointment and there was gap in the schedule, the Therapist was made to clock out yet was also required to remain on Acme premises so that Acme could assign them last minute clients or have them do required paperwork or other tasks. The result of the practice above is that Therapists were often made to work off the clock whenever a client did not show up for an appointment.

32. During the time Therapists were made to work off the clock, they were required to perform myriad non-client facing work tasks such as lesson planning, documentation, and sanitizing. Irrespective of the unpaid tasks they were performing, Therapists were required to stay on Acme premises when there was a gap in their client schedule.

33. On or about May 20, 2022, in response to employee complaints about its ongoing failure to pay overtime, Acme ceased to allow accrual of any compensatory time and simply informed the Therapists that they were to clock out whenever they hit forty (40) hours regardless of whether they continued to work.

34. For the period July 2018 through August 2021, Plaintiff worked approximately 45 hours a week, and well in excess of that in many weeks.

35. For the period beginning May of 2022, Plaintiff again worked approximately 45 hours week.

36. Plaintiff, and all other similarly situated Therapists, were regularly scheduled to, and did, work over 40 hours a week.

37. Plaintiff understands that Acme employed 32 other Therapists at the time of her July 2022 departure.

38. Acme was the employer with respect to Plaintiff and those similarly situated.

39. Plaintiff and those similarly situated were non-exempt hourly employees of Defendant. They were not employed in any bona fide executive, administrative, or professional capacity.

40. Defendant willfully and/or knowingly violated the FLSA and/or Virginia law by intentionally failing to pay regular wages and/or overtime wages despite requiring employees to work such hours and by implanting an illegal compensatory time scheme.

41. At all relevant times, Defendant intended to deprive Plaintiff and similarly situated individuals of regular and/or overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiff and those similarly situated.

## Collective Action Allegations

42. Plaintiff brings her FLSA claim as a collective action and her consent to join this collective action as representative Plaintiff is attached as **Exhibit A**.

43. The collective action is defined as follows:

> All hourly client-facing employees of Acme who provided services to Acme clients within the three years preceding the filing of this complaint and who file a consent form to participate in this lawsuit ("Collective Action Members").

44. The above are similarly situated because they were paid in the same manner, performed the same primary job duties, and were subject to identical employment policies and practices and terms and conditions of employment.

45. Plaintiff, and those similarly situated, performed the same primary job duties, were not paid overtime in accordance with the FLSA, and instead made to work off the clock and/or to accrue leave time rather than overtime.

46. Numerous other individuals who performed the same primary job duties as Plaintiff in the last three years worked over 40 hours in individual workweeks and were paid no overtime.

47. Defendant has names, addresses, phone numbers, and email addresses for potential Collective Action Members in their payroll or personnel records.

48. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they are employees. Defendant is or should have been further aware that its off-the-clock and compensatory time schemes did not insulate it from having to pay overtime.

49. Defendant had actual and constructive knowledge that the Collective Action Members spent more than 40 hours per week working for it.

## Class Action Allegations

**Class Definition**

50. Plaintiff, the Rule 23 Class Representative, seeks to maintain claims pursuant to 40.1-29, and 40.1-29.2, individually, and on behalf of classes of employees who worked for Defendant and who:

   a. During any time within the three years prior to the filing of this complaint were denied overtime compensation despite working more than forty (40) hours in a single

workweek.

b.  During any time within the three years prior to the filing of this complaint worked off the clock.

51. On information and belief, there is substantial overlap in the classes referenced above, as Plaintiff and all others similarly situated were made to assent to the same violative policies and practices (i.e., failure to pay overtime and regular wages) with only dates of tenure and (mis)classification status as the differentiators.

**Efficiency of Class Prosecution of Common Claims**

52. Certification of subclasses is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representative and the proposed subclasses. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

**Numerosity and Impracticality of Joinder**

53. The subclasses which the Class Representative seeks to represent are so numerous that joinder is impracticable. On information and belief, the putative subclasses during the liability periods number over 30 eligible individuals who were subject to underpayment (or nonpayment) of regular and overtime wages.

**Common Questions of Law and Fact**

54. Defendant's overtime and regular payment practices/lack thereof and the propriety of its off the clock scheme present common issues of fact and law in this matter.

**Typicality of Claims and Relief Sought**

55. The claims of the Class Representative are typical of those of the class members as a whole in that the claims are based on the same business and compensation practices. The relief sought by the Class Representative for unpaid wages is also typical of the relief which is sought on behalf of the proposed subclasses.

**Adequacy of Representation**

56. Plaintiff is an adequate class representative for all subclasses. Her interests are co-extensive with those of the members of the proposed subclasses she seeks to represent. Additionally, there is substantial overlap amongst the membership of the subclasses. Plaintiff has knowledge of the job duties performed and hours worked, as well as the compensation policies at issue. She is committed to being representative of the subclasses and has retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

**Rule 23(B)(3) Requirements**

57. Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of compensation practices, as well as Defendant's practice of suffering and permitting employees to work off the clock. Such policies and practices are applicable to all putative subclass members.

58. A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of numerous individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Numerous individual cases similar to Plaintiff's would clog the Court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue(s) could lead to inconsistent or varying adjudications of the same issue(s).

59. The putative subclass members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized compensation practices and their recovery in either an individual or class action will be based on the amount of wages, overtime compensation, or other damages that each Plaintiff has been denied by Defendant.

60. The Class Representative and counsel are not aware of any other pending litigation concerning the controversy involving proposed subclass members within the Commonwealth of Virginia.

61. It is desirable to concentrate the claims in this forum because the employment practices complained of with respect to the Class Representative occurred in this forum.

62. The Class Representative and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

### COUNT I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime Compensation
### (Collective Action)

63. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

64. This count arises from Defendant's violation of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

65. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

66. Plaintiff and others similarly situated were directed by Defendant to work, and did

work, over 40 hours in one or more individual workweeks.

67.     Defendant paid Plaintiff and others similarly situated no overtime compensation and instead had them accrue "compensatory time" and work off the clock.

68.     Defendant violated the FLSA by failing to pay overtime to Plaintiff and others similarly situated at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

69.     Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

70.     Plaintiff and all others similarly situated are entitled to back pay for all overtime hours worked during their employment with Defendant in an amount equal to one and one-half times their regular rate(s) of pay.

71.     As a result of Defendant's willful and reckless actions, Plaintiff and all others similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

72.     Plaintiff and all others similarly situated are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of Va. Code § 40.1-29.2
### (Virginia Overtime Wage Act Class Action)

73.     Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

74.     Defendant has knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2, by failing to pay overtime to Plaintiff and the Class Members when they worked over 40 hours in individual workweeks.

75.     Plaintiff and all others similarly situated were not exempt from the overtime

provisions of Va. Code § 40.1-29.2.

76. Plaintiff and others similarly situated were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

77. Defendant paid Plaintiff and others similarly situated no overtime compensation.

78. Defendant violated Va. Code § 40.1-29.2 by failing to pay overtime to Plaintiff and others similarly situated at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

79. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful or knowing.

80. Pursuant to Va. Code §§ 40.1-29(J) and 40.1-29.2, Plaintiff and all others similarly situated are entitled to recover payment of their unpaid overtime wages, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs. Further, Defendant's violation was a "knowing" one thus entitling Plaintiff and others similarly situated to recovery of triple damages.

81. Plaintiff brings this action for all violations alleged herein commencing July 1, 2021 through June of 2022.

## COUNT III
### Violation of Va. Code § 40.1-29
### (Unpaid Wages Class Action)

82. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

83. Defendant knowingly violated Va. Code § 40.1-29 by failing to pay Plaintiff and all other similarly situated persons the regular wages for necessary and compensable time spent

13

working for Defendant.

84. Plaintiff and other similarly situated persons were made to work off the clock.

85. Pursuant to Va. Code § 40.1-29(J), Plaintiff and other similarly situated persons are entitled to recover their unpaid wages, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs. Further, Defendant's violation was a "knowing" one thus entitling Plaintiff and other similarly situated persons to recovery of triple damages.

86. Plaintiff brings this action for all violations alleged herein commencing July 1, 2020.

WHEREFORE, Plaintiff, on behalf of herself and the Collective and/or Class Action Members, requests the following relief against Defendant:

A. That the Court conditionally certify this action as a Collective Action under the FLSA and order that Court approved notice be issued to putative Collective Members;

B. All unpaid overtime due to Plaintiff and the Collective Action Members;

C. Liquidated damages equal to the unpaid overtime compensation due to Plaintiff and the Collective Action Members;

D. That the Court certify this action as a Class Action Pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. All unpaid wages and overtime damages due to Plaintiff and members of the Virginia Law Class Action claims;

F. Liquidated damages equal to the unpaid overtime and/or unpaid wage compensation due under Va. Code § 40.1-29(J) and 40.1-29.2;

G. Treble damages under Va. Code § 40.1-29(J) for all claims where such relief is available;

H.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit pursuant to the FLSA and/or Virginia law;

I.      Interest, and

J.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

      Respectfully Submitted,

      KATELIN CLIFTON, individually
      and on behalf of all others
      similarly situated,

      By:   /s/
      Brittany M. Haddox (VSB No. 86416)
      Thomas E. Strelka (VSB No. 75488)
      STRELKA EMPLOYMENT LAW
      Warehouse Row
      119 Norfolk Avenue, S.W., Suite 330
      Roanoke, VA 24011
      Tel: (540) 283-0802
      brittany@strelkalaw.com
      thomas@strelkalaw.com

      Craig J. Curwood (VSB No. 43975)
      Zev H. Antell (VSB No. 74634)
      BUTLER CURWOOD, PLC
      140 Virginia Street, Suite 302
      Richmond, Virginia 23219
      Tel: (804) 648-4848
      craig@butlercurwood.com
      zev@butlercurwood.com

      *Counsel for Plaintiffs*