UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KATELIN CLIFTON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL.<br><br>**Plaintiffs,**<br><br>v.<br><br>ACME THERAPIES, CO.,<br><br>**Defendant.** | **CIVIL ACTION**<br><br>NO.: 4:22-cv-00113-TTC |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR
<u>SETTLEMENT APPROVAL</u>**

Subject to court approval, Plaintiffs, Katelin Clifton, Miranda Gunn, Jana Hopper, Kaitlyn Pace, and Cheryl Rigney ("Plaintiffs") and Defendant, ACME Therapies, Co. ("Acme" or "Defendant") (collectively the "Parties"), have settled this wage and hour action for $55,000.00. The settlement satisfies all criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it is a fair and reasonable resolution of a bona fide dispute and is the result of arm's-length settlement negotiations conducted by counsel well-versed in wage and hour law.

For the reasons set forth below, the parties respectfully request that the Court enter an order approving the $55,000 settlement detailed in the Settlement Agreement (the "Settlement Agreement"). For the Court's convenience, the Settlement Agreement is attached as Exhibit A.

**<u>PROCEDURAL BACKGROUND AND SETTLEMENT NEGOTIATIONS</u>**

**I.     Factual Allegations**

Plaintiffs allege that they were employed by Defendant as hourly employees at Defendant's Southwest Virginia locations. Acme is in the business of providing full range speech, physical

1

and occupational therapy to adults and minors. Plaintiffs alleged that while employed by Acme in various therapeutic and office positions that Acme had in place several policies and practices which acted to deprive them of earned overtime compensation. Specifically, Plaintiffs alleged that Acme impermissibly provided compensatory or leave time in lieu of earned cash overtime compensation and that Acme required workers to work off the clock. Plaintiffs further contended that there existed a group of similarly situated individuals employed by Defendant, thus Plaintiffs styled this matter as a hybrid collective and class action asserting claims under the FLSA as well as Virginia state law. Plaintiffs moved for, and were granted conditional certification, but this matter was settled prior to the issuance of notice. Defendant denies, and continues to deny, all allegations of violation(s) of law or other wrongdoing.

II.     **Overview of Investigation, Litigation, and Settlement Negotiations**

The instant lawsuit was filed on September 19, 2022.[1] Prior to filing, Plaintiffs' counsel conducted a thorough investigation into the merits of the potential claims and defenses. Plaintiffs' counsel focused their investigation and legal research on the underlying merits of the claim and the damages to which the Plaintiffs may be entitled as well as the likelihood of collective and/or class action certification. Of specific importance to Plaintiffs' counsel was Acme's purported use of a compensatory time rubric and the accrual timeline for same. Investigation led Plaintiffs' counsel to believe that Acme, as a non-municipal employer, impermissibly availed itself to the benefit of awarding leave time instead of cash overtime compensation. Investigation also led counsel to believe that Acme required therapists to work "off-the-clock" when they were not in a

---

[1] On or about January 4, 2023, the Court deemed Plaintiffs Amended Complaint as filed. The Amended Complaint served to add a retaliation count on behalf of Plaintiffs Clifton, Gunn, Hopper, and Pace. Those claims are also resolved in this proposed settlement and are the reason the settlement contains an additional release as well as a non-retaliation provision.

patient facing role. Plaintiffs' counsel obtained and reviewed documents from the Plaintiffs, including pay stubs and researched the Defendant's operations. Plaintiffs' counsel also conducted in-depth interviews with the Plaintiffs.

Not long after the Complaint was served, counsel for Defendant contacted Plaintiffs' counsel and indicated that Defendant denied the Complaint's allegations, but also raised the possibility of settlement. Unfortunately, the parties could not agree on settlement at that time and active litigation and discovery commenced.

The Parties subsequently engaged in formal discovery with counsel for Defendant providing Plaintiffs' counsel with data concerning the Plaintiffs' work hours and pay. From that data Plaintiffs' counsel was able to calculate Defendant's maximum exposure to Plaintiffs. While Defendant did not agree with Plaintiffs' model, these calculations at least provided a baseline analysis of maximum exposure and informed settlement positions going forward. Inasmuch as the parties reached an impasse with respect to settlement, Plaintiffs moved for conditional certification on March 6, 2023. The Defendant initially expressed a desire to oppose the motion, but eventually agreed to certification and the Court conditionally certified the matter on March 30, 2023. Prior to the issuance of notice, counsel for the Defendant approached Plaintiffs' counsel with information concerning Defendant's ongoing operations and financial viability. The parties agreed to a confidential exchange of Defendant's financial information. That information exchange raised major concerns regarding the collectability of any potential judgment as well as the specter of a Defendant bankruptcy filing prior to trial. The parties commenced renewed settlement discussions and eventually agreed to the proposed holistic settlement now before the Court.

## SUMMARY OF THE KEY SETTLEMENT TERMS

**The Settlement Amount(s)**

Defendant has agreed to pay a total of $55,000.00 to settle the claims in this action. That amount will be allocated as follows: (i) settlement payment to Plaintiffs of $35,000.00, with $17,500.00 allocated to claimed wage loss and $17,500.00 allocated to claimed liquidated damages and (iii) payment to Plaintiffs' counsel's a total of $20,000.00[2] for fees and costs.

**Release**

The parties have agreed to releases, consistent with the rules for FLSA settlements within this district, that are properly tailored to only release the wage and hour and retaliation claims at issue.

**Denial of Liability**

The settlement acknowledges that the Defendant denies liability in any way to the Plaintiffs and the settlement of this matter should in no way be construed as an admission of liability.

## ARGUMENT

**I.     The Settlement Meets the Requirement for Approval of an FLSA Settlement.**

Settlement of an FLSA lawsuit must be approved by the U.S. Department of Labor or a federal district court. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)). Courts in the Western and Eastern District of Virginia have traditionally taken their direction from the Eleventh Circuit and have held that an FLSA settlement should be approved if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Patel v. Barot*, 15 F. Supp. 3d 648, 654

---

[2] This amount is well below Plaintiffs' counsel's current lodestar of $51,000. The significant reduction absorbed by Plaintiffs' counsel is reflective of their concerns regarding Defendant's finances.

(E.D. Va. 2014) (citing *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).  Furthermore, when the parties' settlement, as here, reflects "a reasonable compromise over the issues the court may approve it in order to promote the policy of encouraging settlement of litigation." *Kuntze v. Josh Enters., Inc.*, No. 2:18cv38, 2019 WL 2179220, at *1 (E.D. Va. May 20, 2019) (internal markings omitted) (citing *Lynn Food Stores*, 679 F.2d at 1354).

This settlement represents a good faith compromise of the parties' bona fide dispute of liability and damages under the FLSA.  Furthermore, the proposed settlement terms are fair and reasonable, and the settlement was reached after arms-length negotiation.  For these reasons and based on the foregoing, the parties request that the Court approve the Settlement Agreement.

### A.   There is a Bona Fide Dispute over FLSA Provisions.

To merit Court approval, the settlement must revolve a bona fide dispute over FLSA provisions.  *See Patel*, 15 F. Supp. 3d at 654 (citing *Lynn Food Stores*, 679 F.2d at 1355).  In this action, Plaintiffs allege that they were not paid regular and overtime wages in violation of the FLSA.  As the Court has noted, "[a] bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment."  *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1.08cv1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009).  Furthermore, Defendant has consistently denied and continues to deny those allegations.  The Settlement Agreement contains a provision expressly denying any and all liability to Plaintiffs.  As such, this settlement represents a good faith compromise of the parties' bona fide dispute regarding the FLSA claims alleged in the Complaint.

### B.   The Settlement is Fair and Reasonable.

"In determining whether a settlement is fair, adequate, and reasonable there is a *strong presumption* in favor of finding a settlement fair that must be kept in mind in considering the

various factors to be reviewed." *LaFleur*, 189 F. Supp. 3d at 593 (emphasis added) (internal markings and citations omitted). Those factors to be considered when assessing whether an agreement is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of the counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id.*; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975). As detailed below, all factors point toward approval in this case.

### 1. The Extent of Discovery that has Taken Place.

Early on, Defendant informally produced some relevant data for the Plaintiffs. Specifically, Defendant provided Plaintiffs' counsel with pay and time data. Defendant produced additional data in formal written discovery. While Plaintiffs' counsel believe there remained important outstanding discovery (hence Plaintiffs' motion to compel filed on March 13, 2023), Plaintiffs' counsel was able to use the produced time and pay data to construct a damages model which allowed the Plaintiffs to communicate their estimate of Defendant's maximum exposure. As mentioned above, the Defendant also produced confidential financial data that played a key role in settlement talks. As a result, the parties had all the information that they needed to evaluate the damages at issue and to determine whether settlement made legal and/or business sense. Additional discovery certainly could have been sought, e.g., deposition testimony, but it likely would not have changed the damages calculation and would only have caused the parties to incur more fees and increase the likelihood of a bankruptcy filing upending the litigation and any chance for recovery. The extent of this informal and formal discovery thus weighs in favor of approval.

### 2. The Stage of the Proceedings.

Because this lawsuit involves allegations of unpaid regular and overtime wages under the FLSA, there are several important issues that would have required significant litigation had the matter not settled. Such issues include, proof and defenses with respect to Plaintiffs' claimed off the clock work, Defendant's good faith defense, and the timeliness of certain owed overtime payments by Defendant after the initiation of litigation. None of this is to mention the time and energy that would have gone into dispositive briefing.

If the litigation had progressed, it would have been complex, expensive, and protracted. This settlement provides meaningful recoveries to each Plaintiff and avoids any risk of a hollow judgment or insolvency event. From Defendant's perspective settlement eliminates further exposure to fees and prevents the immediate potential for additional opt in collective actions insofar as settlement was reached prior to notice and Plaintiffs' counsel has confirmed that they do not represent any additional Acme employees for FLSA claims.

### 3. The Absence of Fraud or Collusion.

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12; *see also Kuntze*, 2019 WL 2179220, at *2. The parties negotiated this settlement at arms-length over a period of months and settlement was not reached until Defendant had produced all damages data and potentially otherwise non-discoverable confidential financial data. Thus, there is no evidence to outweigh the presumption that no collusion occurred between counsel.

### 4. The Experience of Plaintiffs' Counsel.

When counsel has "experience in federal court and employment litigation . . . their opinion is entitled to weight." *Gagliastre v. Captain George's Seafood Rest., LP*, No. 2:17cv379, 2019

7

WL 2288441, at *3 (E.D. Va. May 29, 2019); *see also Flinn*, 528 F.2d at 1173 ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement."). Plaintiffs' counsel are well-respected lawyers with a breadth of experience in the fields of employment litigation and wage and hour law. They have litigated a number of small and large overtime cases against public entities and private corporations, including, but not limited to:

> *Rogers, et al. v. City of Richmond*, 3:11CV620 (E.D. Va.)
> *Carroll, et al. v. County of Henrico*, 3:12CV00105 (E.D. Va.)
> *Devine, et al. v. City of Hampton*, 4:14CV81 (E.D. Va.)
> *Wright, et al. v. City of Roanoke*, 7:18CV210 (W.D. Va.)
> *Lacroix, et al. v. City of Portsmouth, Virginia*, 2:13CV533 (E.D. Va.)
> *Slavin, et al., v. United States Postal Service*, 3:17CV00134 (E.D. Va.)
> *Milton, et al. v. Quality Eco Technologies, LLC*, 3:20CV43 (E.D. Va.)
> *Yerby, et al. v. City of Richmond*, 3:19CV393 (E.D. Va.)
> *Clinton, et al. v. GEICO*, 2:16CV430 (E.D. Va.)
> *Mendoza, et al. v. Baird Drywall & Acoustic, Inc., et al.*, 7:19-cv-882 (W.D. Va.)
> *Broussard v. Eldor Automotive Powertrain USA*, 7:19-cv-0841 (W.D. Va.)
> *Pinon v. Kalyan Plaza, LLC, et al.*, 7:20-cv-205 (W.D. Va.)
> *Sziber v. Dominion Energy, Inc.*, 3:20-cv-117 (E.D. Va.)
> *Jones v. Harvest Roanoke LLC, et al.*, 7:22-cv-485 (W.D. Va.)
> *Pinon, et al. v. Kalyan Hospitality, LLC, et al.*, 7:20-cv-205 (W.D. Va.)
> *Campbell, et al. v. Intercontinental Capital Group, Inc*., 3:22-cv-00034 (E.D. Va.)
> *Granderson, et al. v. Capital One Financial Corporation,* 3:21-800 (E.D. Va.)
> *Denson, et al. v Elephant Insurance Services, LLC,* 3:22-cv-00022 (E.D. Va.)
> *Wheaton v. Westminister-Canterbury of The Blue Ridge*, 3:22-cv-00050 (W.D. Va.)

Plaintiffs' counsel relied on a substantial amount of information to evaluate, negotiate and make well-informed judgments about the adequacy of the settlement. Based on Plaintiffs' counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour actions, Plaintiffs' counsel's opinion is that the settlement is fair, reasonable, and adequate and resolves a bona fide dispute. That opinion, based on extensive knowledge of employment law, is entitled to significant weight.

### 5. The Probability of Plaintiffs' Success on the Merits.

With regard to the probability of success on the merits, when evidence presented indicates that a plaintiff has "significant hurdles to overcome to affect any recovery under the FLSA," this factor "weighs heavily in favor of finding the settlement fair." *Patel*, 15 F. Supp. 3d at 656. As stated above, recovery in this matter is not guaranteed. Plaintiffs faced standard disputes regarding liquidated damages and willfulness as well unique disputes over whether the Defendant was entitled to use a compensatory time scheme, the effect of late paid overtime, and the quantum of any alleged "off-the-clock" work. Because Plaintiffs faced significant hurdles with respect to their FLSA claims, the probability of success on the merits factor weighs in favor of approval.

### 6. The Amount of the Settlement in Relation to the Potential Recovery.

The settlement compensates the Plaintiffs at just over 100% of their alleged back wages and approximately 51% of their alleged damages inclusive of liquidated damages.[3] As stated above, the settlement frees Plaintiffs from the risk of a hollow judgment or Defendant's insolvency. They further enjoy the benefit of settlement far sooner than if this matter was to go to trial. Additionally, Plaintiffs also avoid any of the negative outcomes they might have faced through litigation, i.e., decertification, loss on summary judgment, loss at trial, or loss on appeal. Consequently, this settlement brings considerable value and certainty now, as opposed to months or years from now. The substantial benefit to the Plaintiffs is a significant factor weighing in favor of approval of the proposed Settlement Agreement.

---

[3] As explained in the settlement agreement, one Plaintiff did not have recoverable damages and is instead set to receive a minimum payment of $75.00.

**Plaintiffs' Attorneys' Fees and Costs.**

The FLSA provides in part that "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fight over the amount of attorneys' fees, the parties here were able to reach a resolution of the claim for attorneys' fees and costs, with Plaintiffs' counsel agreeing to substantial reduction from their lodestar.

The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)); *see also Davis v. BT Ams. Inc.*, No. 2:16cv206, 2017 WL 11506967, at *2-3 (E.D. Va. May 10, 2017). When assessing the fairness of attorneys' fees pursuant to a court-ordered fee award, courts generally rely on the lodestar analysis.[4] *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992); *LeFluer*, 189 F. Supp. 3d at 593. However, assessing the fairness of attorneys' fees that are part of a negotiated FLSA settlement is not identical to the traditional lodestar analysis. *Devine v. City of Hampton*, No. 4:14cv81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015). In determining the reasonableness of attorneys' fees in an FLSA settlement, courts should give some deference to the parties' voluntary agreement and use lodestar principals as a cross-check to assess fairness. *Id.* (citing *Poulin*, 2010 1813497, at *1).

---

[4] "The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate." *LeFleur*, 189 F. Supp. 3d at 593 (citing *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

Here, the parties negotiated and agreed that Plaintiffs' counsel's attorneys' fees and costs would be heavily discounted to $20,000.00. "In the Fourth Circuit, 'the most critical factor in calculating a reasonable fee award is the degree of success obtained.'" *Teague v. Bakker*, 213 F. Supp. 2d 571, 583 (W.D. N.C. 2002) (quoting *McKnight v. Cir. City Stores, Inc.*, 14 F. App'x 147, 149 (4th Cir. 2001)).

## **CONCLUSION**

This Settlement was reached after continued settlement negotiations. The Parties engaged in analysis of the facts and the data at issue and the Settlement Agreement provides the Plaintiffs significant monetary relief. Because the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties, it should be approved.

| | |
|---|---|
| */s/ Brittany M. Haddox, Esquire*<br>BRITTANY M. HADDOX, ESQ.<br>Strelka Employment Law<br>(VA Bar No. 86416)<br>4227 Colonial Avenue<br>Roanoke, VA 24018<br>Phone: (540) 283-0802<br>Email: brittany@strelkalaw.com<br><br>Zev H. Antell (VSB No. 74634)<br>Butler Curwood, PLC<br>140 Virginia Street, Suite 302<br>Richmond, Virginia 23219<br>Tel: (804) 648-4848<br>Fax: (804) 237-0413<br>zev@butlercurwood.com<br><br>*Attorneys for Plaintiffs* | */s/ Jackson Nichols, Esquire*<br>JACKSON NICHOLS, ESQ. (VSB No. 87225)<br>COHEN, SEGLIAS, PALLAS,<br>GREENHALL & FURMAN, P.C.<br>900 Seventh St., N.W.<br>Ste. 725<br>Washington, DC 20001<br>Phone: (202) 466-4110<br>Fax: (202) 466-2693<br>Email: jnichols@cohenseglias.com<br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.


*/s/ Brittany M. Haddox, Esquire*
BRITTANY M. HADDOX, ESQ.
Strelka Employment Law
(VA Bar No. 86416)
4227 Colonial Avenue
Roanoke, VA  24018
Phone:  (540) 283-0802
Email:  brittany@strelkalaw.com

*Counsel for Plaintiffs*